1

2

3

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

HANFORD CHALLENGE, AND
UNITED ASSOCIATION OF
PLUMBERS AND STEAMFITTERS
LOCAL UNION 598,

NO:  4:15-CV-5086-TOR

8

PROTECTIVE ORDER GOVERNING
THE DISCLOSURE AND FILING
UNDER SEAL OF HEALTH,
MEDICAL, AND OTHER
CONFIDENTIAL INFORMATION

9

Plaintiffs,

10

11

v.

12

ERNEST J. MONIZ, Secretary of the
United States Department of Energy,
the UNITED STATES
DEPARTMENT OF ENERGY, and
WASHINGTON RIVER
PROTECTION SOLUTIONS LLC,

13

14

15

Defendants.

16

To expedite the flow of discovery material between the Parties, facilitate the

17

prompt resolution of disputes over confidentiality, adequately protect individually

18

identifiable health and medical information, and other information required by law

19

or otherwise entitled to be kept confidential, and ensure that protection is afforded

20

PROTECTIVE ORDER ~ 1

only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the Parties, **ORDERED:**

1.      Production of Health Information That May Be Subject to the Privacy Act, 5 U.S.C. § 552a, to 10 C.F.R. Part 1008, to 45 C.F.R. §§ 164.102–164.534, or Other Privacy Protections. Any Party to this litigation and any non-party may produce certain "Confidential Health Information" (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number, including HIC (health insurance claim) number), pursuant to a Party's discovery requests. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, 10 C.F.R. Part 1008, 45 C.F.R. §§ 164.102–164.534, or there may be no waiver by the patient to produce the records outside of this litigation. Such information shall be produced unredacted, except to the extent such information is not responsive to a request for production or is subject to a claim of privilege. Upon producing this information, the producing party shall designate it as "Confidential" in the manner set forth in Paragraph 3, below.

2.      Production of Other Information Designated Confidential.  In addition to the Confidential Health Information discussed in Paragraph 1, any Party to this litigation and any non-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing that: (a) contains trade secrets, competitively sensitive technical,

marketing, financial, sales or other confidential business information; (b) contains

private or confidential personal information; (c) contains information received in

confidence from non-parties; or (d) the producing Party otherwise believes in good

faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of

Civil Procedure.

3.    Designation of Material Subject to this Protective Order. Any Party to this

litigation or any non-party covered by this Order who produces or discloses any

confidential material pursuant to Paragraphs 1 and 2 above, including without

limitation any information, document, thing, interrogatory answer, admission,

pleading, or testimony (hereinafter "Confidential Material"), shall mark the same

with the following or similar legend:  "CONFIDENTIAL," "CONFIDENTIAL –

SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL HEALTH

INFORMATION – SUBJECT TO PROTECTIVE ORDER," as appropriate.

Any party or non-party that designates information or items for protection under

this Order must take care to limit any such designation to specific material that

qualifies under the standards set forth in paragraphs 1 and 2 of this Order.

4.    General Restrictions on Use of Confidential Material. Except as otherwise

provided for in this Order, all Confidential Material shall be used by the receiving

Party, including counsel and their personnel, solely for purposes of the prosecution

or defense of this action, shall not be used by the receiving Party for any business,

commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving Party to anyone other than as set forth in this Paragraph or Paragraphs 5, 6, 7, 16 and 17 herein, unless and until the restrictions herein are removed, either by waiver of the patient in the case of Confidential Health Information, or by written agreement of counsel for the Parties or by Order of the Court, in the case of other Confidential Material. Parties to this litigation, including counsel and their personnel, may disclose Confidential Material to non-parties to this litigation only as needed for the litigation, and only if the non-party signs the form of acknowledgment attached to this Order. The Parties shall not file documents containing Confidential Material with, or submit them to the Court, or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed.

5.    Prohibition on Disclosure of Confidential Material. Confidential Material shall be used only by individuals permitted access to it pursuant to this Order. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless:

    a.    Counsel for the Party asserting confidentiality waives the claim of confidentiality, except for Confidential Health Information, which requires waiver by the patient;

b.     The Court orders such disclosure; or

c.     The Party is required to do so by a federal or state court or under applicable federal or state law, including the Freedom of Information Act ("FOIA") or other public records statute.

(i)     If the United States or the State of Washington receives a FOIA or Public Records Act request or other request or demand for documents which requests, demands, or covers Confidential Material, the United States or the State, as appropriate, shall assert in good faith appropriate grounds for maintaining the confidentiality of the document, including without limitation, applicable exemptions under federal and Washington State law. The United States or the State, as applicable, also shall give prompt notice to the other Parties, in recognition of FOIA or other applicable time frames, to allow them a reasonable opportunity to share their concerns regarding disclosure, and, as permitted by any applicable law, initiate or participate in any formal proceeding, including filing an action in the appropriate court of law, to challenge whether such Confidential Material must be disclosed.

(ii)     Any Party or non-party who has received a subpoena, order, or request to disclose Confidential Material that determines that disclosure is required shall give, prior to disclosure, reasonable written notice of its determination to each Party that provided the Confidential Material proposed to be disclosed.

PROTECTIVE ORDER ~ 5

6.      Use of Confidential Material in Deposition. Parties may show deponents Confidential Material. With respect to Confidential Health Information related to a person other than the deponent in particular, however, efforts should first be made, if practicable, to conceal the identity of the subject of the record by redaction or by coding the documents to substitute a numerical or other designation for the patient's name or other identifying information. With respect to any depositions that involve a disclosure of Confidential Material, the Parties shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other Parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the Parties. Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order. Upon being informed that certain portions of a deposition are to be designated as Confidential, each Party shall promptly cause each copy of the transcript in its custody or control to be appropriately marked, and shall limit disclosure of that transcript in accordance with Paragraphs 4, 5, 7, 16 and 17 herein.

7.      Confidential Material in Open Court. The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the Parties and the Court in advance of the hearing or trial. The Parties shall consider redacting confidential documents to remove individual

patient identifiers or other confidential information, request the Court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and HIC numbers associated with the names of individual patients have been removed. No Party shall disclose designated confidential documents in open Court without prior consideration by the Court.

8.    Objection to Designation of Confidential Material. If counsel for a Party receiving Confidential Material hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a.    Counsel for the objecting Party shall serve on the designating Party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating Party or non-party shall respond in writing to such objection within 14 days, or any longer period agreed to in writing (including email) by the designating Party and the objecting Party, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating Party or non-party makes

a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b.      If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9.      Filing of Documents. The Clerk shall accept for filing under seal any documents or filings so marked by the Parties pursuant to the above paragraphs.

10.      No Waiver. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential

within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing Party and brought to the attention of the receiving Party, the receiving Party's treatment of such material shall be in accordance with this Protective Order and the Order and Stipulation Regarding Discovery in this matter.

11.    Obtaining Information from Another Source. No information that is in the public domain, that is already known by the receiving Party through proper means, or that is or becomes available to a Party from a source other than the Party asserting confidentiality (where the source is rightfully in possession of such information on a non-confidential basis), shall be deemed or considered to be Confidential Material under this Protective Order.

12.    No Ruling on Discoverability or Admissibility. This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any material. Any information that is otherwise admissible or discoverable by any Party shall not be rendered inadmissible or non-discoverable because it is, or is referenced, discussed, or

disclosed in, material designated as Confidential Material under this Protective Order.

13.    Modification Permitted. Nothing in this Protective Order shall prevent any Party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

14.    Survival of Order. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

15.    Disposition of Confidential Material. Within 90 days of the final conclusion of this litigation, including the exhaustion of all appeals therefrom and all related proceedings, all Parties or non-parties in possession of Confidential Material shall dispose of it as follows. Non-parties subject to the terms of this Order shall follow the terms of the Acknowledgement of Protective Order. Parties in possession of Confidential Health Information produced by another Party or non-party shall either return such documents designated "Confidential" and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to counsel for the producing Party or non-party, or destroy them and certify in writing to counsel for the producing Party or non-party that the documents have been destroyed. With respect to Confidential Material other than Confidential Health Information, each non-Federal party shall

be under an obligation to either destroy or remain obligated to ensure the confidentiality of all originals and unmarked copies of documents and things containing Confidential Material, and to destroy all copies of Confidential Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Material. The United States shall, at its option, either destroy or remain obligated to ensure the confidentiality of Confidential Material other than Confidential Health Information produced to it, and documents and things containing such information, including copies of such material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing such information. Nonetheless, counsel for any Party may retain complete copies of all transcripts and pleadings including any exhibits attached thereto containing Confidential Material other than Confidential Health Information for archival purposes, subject to the provisions of this Protective Order. A Party seeking the return of Confidential Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, shall file a motion seeking such relief.

16.    Disclosure to Agencies or Departments of the United States. Notwithstanding the foregoing, the United States may also share information designated as Confidential hereunder among its various federal departments, agencies, or instrumentalities for any proper government purpose. Any sharing of

Confidential Material by the United States among its departments, agencies, or instrumentalities shall not constitute a disclosure or a waiver of any protection afforded by this Protective Order. Nor shall any such sharing waive any protection afforded by federal or state law to trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information.

17.     Disclosure to Congress. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated Confidential Material to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the designated Confidential Material has been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing Party or nonparty of the Congressional entity's request and the United States' response thereto.

18.     Effect of Compliance. Notwithstanding any federal statute or regulation, no agency, officer, employee or attorney of the United States or any other Party shall be subject to any civil or criminal penalty or sanction relating to the disclosure of non-public information, provided that such disclosure is made pursuant to the terms of this Protective Order.

19.    Effect of Order. This Protective Order constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11); and the Health Insurance Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (e)(1)(i). Pursuant to Federal Rule of Evidence 502(d), production of any record by a Federal agency in this litigation does not waive any Privacy Act protection of that record outside this litigation; and any such record produced in this litigation must be strictly protected in accordance with this Protective Order.

20.    No Requirement to Produce Other Information. Nothing in this Protective Order shall be construed to compel the United States to produce information that, under law or agreement, it is prohibited from producing, including, inter alia, information protected from compelled disclosure by a Certificate of Confidentiality or an Assurance of Confidentiality issued pursuant to the Public Health Service Act, 42 U.S.C. §§ 241(d), 242m(d), and/or CIPSEA; or confidential substance abuse information protected by 42 U.S.C. §§ 290aa(n) or 290dd-2. This Protective Order shall not govern the production or designation of classified information, sensitive security information, technical data with military or space application, or

//

//

//

1  information on classified computer systems.

2       IT IS SO ORDERED.

3       The District Court Executive is hereby directed to enter this Order and

4  furnish copies to counsel.

5       **DATED** May 16, 2016.

6

7

8                         THOMAS O. RICE
               Chief United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

ACKNOWLEDGMENT OF PROTECTIVE ORDER

I have read and understand the Order Regarding Confidentiality ("Order")
entered in this action on _____, 2016. I hereby agree to be bound by the
terms of the Order. Specifically, I agree that I will use stamped confidential
documents and any information contained therein only for purposes of this case,
including any appeals, and not for any other purpose of any kind; that I will return
all stamped confidential documents to counsel within thirty (30) days after the later
of the termination of this litigation or expiration of all rights to appeal; that I will
take all appropriate steps to keep the stamped confidential documents and any
information contained therein confidential. I hereby confirm that my duties under
this Acknowledgment shall survive the termination of this case and are binding
upon me for all time. I hereby consent to the personal jurisdiction of the United
States District Court for the Eastern District of Washington in the above-captioned
case for purpose of enforcing the aforementioned Order.

DATED: _____

_____
Signature

_____
Printed Name